Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Valerie McConnell (State Bar No. 274159)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
Telephone: (323) 639-4455

Attorneys for Plaintiff
NOEMI DEL RIO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI DEL RIO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>VIRGIN AMERICA, INC.; a Delaware Corporation;<br>VIRGIN PRODUCED, LLC; a Delaware Limited Liability Company; and<br>VIRGIN PRODUCED 2.0, LLC; a Delaware Limited Liability Company.<br><br>Defendants. | Case: 2:18-cv-1063<br><br>**COMPLAINT FOR**<br>   **1. Copyright Infringement**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Noemi Del Rio ("Ms. Del Rio" or "Plaintiff") by and through her undersigned counsel, states as follows for her complaint against Defendants Virgin America, Inc., Virgin Produced, LLC, and Virgin Produced 2.0, LLC, (collectively, the "Defendants") and alleges as follows:

## I. SUMMARY AND PARTIES

1. This action arises out of Defendants' intentional and willful infringing

1

exploitation of Ms. Del Rio's voice and creative work in their Virgin Safety Video.

2. Plaintiff Noemi Del Rio resides in Los Angeles and is an actress, singer, and assistant director, who is known for her voice work in television and video games.

3. On information and belief, Defendant Virgin America, Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 555 Airport Blvd, Burlingame, California.

4. On information and belief, Defendant Virgin Produced, LLC is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business at 903 Colorado Ave, Santa Monica, California.

5. On information and belief, Defendant Virgin Produced 2.0, LLC is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business at 5619 DTC Parkway, Suite 800, Greenwood Village, Colorado 80111.

## II.     JURISDICTION AND VENUE

6. Plaintiff has asserted a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because they do substantial business and sales in this District. Defendants have purposefully availed themselves and directed their business at opportunities in this District. Moreover, Defendants have committed tortious acts in this District against Plaintiff, who resides and does business is in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

9. Plaintiff Noemi Del Rio is a voice-over actress and singer based in Los Angeles. She has extensive training in dance, theatre, and voice starting at New

World School of the Arts in Miami, FL and then continuing at Marymount Manhattan College in New York. She has trained with, for example, Tony Greco, Aaron Hagan, The Stella Adler Conservatory and more. Ms. Del Rio has been seen in national commercials for clients like Verizon and Time Warner and has recorded national voiceover work for PBS and Marvel. She was most notably part of the Broadway Tony award-winning cast of Lin-Manuel Miranda's *In The Heights*. Other production credits include: *Knives and Other Sharp Objects* in her first lead role (The Public Theatre), *Carmen* (La Jolla Playhouse), and *Lysistrata Jones* (Dallas Theater Center). She also starred in episodes of Law and Order: SVU, Harry's Law, and Torchwood. Her dance training has led her to dance for various recording artists, which include: Shakira, Thalia, Cassie, and more. Ms. Del Rio began her career dancing at Madison Square Garden for the New York Knicks. She currently works in production on NBC's Chicago Fire and is a front-line singer for international cover band Live 61.

10. In September 2013, Plaintiff was asked by a friend, Todrick Hall, to meet him in a recording studio in Los Angeles. When Plaintiff arrived, Plaintiff was surprised to find that there were representatives from Defendants there as well as director John Chu.

11. Defendants asked Ms. Del Rio to step into a booth and read about two pages of dialogue that included the Federal Aviation Administration regulations for airline safety. While in the booth, Ms. Del Rio, Mr. Hall, Mr. Chu, and representatives of Defendants made various edits to the dialogue and offered advice and direction. Many of Ms. Del Rio's decisions in the recording were from her own creative direction.

12. Next, someone in the room pitched the idea of a rap sung by a young child. Ms. Del Rio told Defendants that she could sing and create a rap that mimicked a young girl's voice. Ms. Del Rio spent the next few hours creating and recording this rap with Defendants.

13. Ms. Del Rio alone created the voice, melody, and rhythm for the rap heard in the Virgin Safety Video.

14. Ms. Del Rio's voice is heard for a full minute and six seconds, more than 20% of the Virgin Safety Video, beginning at timestamp 00:54 and ending at 02:00 in the YouTube video (https://www.youtube.com/watch?v=DtyfiPIHsIg).

15. The most distinctive, original, and creative part of the entire video, the little girl's rap (1:36 to 2:00 of the Safety Video), is sung *solely* by Ms. Del Rio.

16. At no point did anyone inform Plaintiff that her vocals would be used commercially or on the actual in-flight safety video for Virgin flights.

17. In fall of 2013, the safety video went viral, debuting in New York's Times Square and an in-studio performance on the Ellen DeGeneres show the video went on to be mentioned across all media platforms including The Today Show, CNN, E! News, Forbes, Mashable, and USA Today. Within the first two weeks of the video being released over 5.8 million people saw it without ever stepping onto one of Defendants' flights. The video had 5.8 million views on YouTube, 430,000 Facebook shares, and 17,000 tweets. The video now has over 12 million views on YouTube.

18. Despite the fact that Ms. Del Rio's voice is a central part of the Safety Video that has been played tens of millions of times to Defendant's customers and potential customers, Ms. Del Rio has never been compensated for her role in it.

19. Ms. Del Rio never signed a contract or release with Defendants, Mr. Hall, or any other third party. Ms. Del Rio never gave anyone permission to commercially broadcast and use her likeness, talent, or voice without compensation.

20. Plaintiff has a copyright application for the sound recording, case number 1-6275599741.

21. On October 15, 2017, after having learned that her voice was used on the Virgin Safety Video, Plaintiff contacted Defendants in writing, described how

4

much of the video was hers, and formally requested a fair compensation.

22. On November 14, 2017, Mr. Allen Huang, the Deputy General Counsel at Virgin America Inc., responded to Plaintiff and dismissed her request. Despite admitting never to paying Plaintiff, Defendants claimed that they had purchased the rights to her song by paying an unrelated third-party, Mr. Todrick Hall. Plaintiff, however, has no contract with Mr. Hall and has never assigned any rights to him. Thus, it would be impossible for Defendants to license or otherwise acquire Plaintiff's copyrighted work from Mr. Hall.

## FIRST CAUSE OF ACTION
### (Federal Copyright Infringement, 17 U.S.C. § 501)

23. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

24. At all relevant times, Ms. Del Rio has owned all applicable rights, titles, and interests to her copyrighted works.

25. Ms. Del Rio has complied in all respected with Title 17 of the United States code and has applied for the exclusive rights and privileges in and to the above referenced copyrights, and is awaiting from the Register of Copyrights the appropriate certificates of registration.

26. Defendants have widely distributed, used, and displayed the infringing video to untold millions of people by using the infringing video on their flights, on their websites and social media sites, including YouTube where the video has over 12 million views (https://www.youtube.com/watch?v=DtyfiPIHsIg).

27. Defendants have infringed and continue to infringe Ms. Del Rio's copyrighted works by copying, using and distributing the works within the Virgin Safety Video without the consent of Ms. Del Rio and in disregard of her intellectual property rights.

28. Defendants' use, reproduction, and distribution of the copyright works has been and is without authorization and without Ms. Del Rio's consent.

29. Defendants' actions demonstrate an intentional, willful, and malicious intent to infringe upon Plaintiff's copyright.

30. Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

31. As a direct and proximate result of the Defendants' willful copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to her actual damages as well as any gains, profits, and advantages obtained by the Defendants as a result of its acts of infringement and their use and publication of the copied materials, 17 U.S.C. § 504(b).  Plaintiff is also entitled to attorneys' fees and full costs of suit pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Noemi Del Rio respectfully requests that this Court enter judgment against Defendants for the following relief:

a. Permanent injunctive relief against all Defendants and their parents, subsidiaries, affiliated companies, and their respective officers, directors, employees, and agents from using Plaintiff's copyright;

b. An accounting of, and disgorgement of, any and all profits derived by the Defendants, trebled, by virtue of the Defendants' infringing and illegal acts, in an amount to be determined at trial;

c. Prejudgment interest, the full costs of this action and witness fees, and the Plaintiff's attorneys' fees, pursuant to 15 U.S.C. §§ 504 and 505;

d. Punitive, enhanced, and exemplary damages for the Defendants' acts of willful infringement;

e. For any and all actual damages sustained by Plaintiff, trebled for willful infringement, in an amount to be determined at trial;

f. For an order that the Defendants be held jointly and severally liable;

g. Other economic and consequential damages in an amount to be determined at trial;

h. For all of the Defendants' profits and unjust enrichment derived from their infringement of Plaintiff's copyright;

i. For any other relief as the Court deems proper.

Respectfully submitted,

By:   */s/ Stephen McArthur*
Stephen Charles McArthur
Valerie McConnell
The McArthur Law Firm, PC
Attorneys for Plaintiff, Noemi Del Rio
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
(323) 639-4455

Dated: February 7, 2018

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

By: */s/ Stephen McArthur*
Stephen Charles McArthur
Valerie McConnell
The McArthur Law Firm, PC
Attorneys for Plaintiff, Noemi Del Rio
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
(323) 639-4455

Dated: February 7, 2018