S. Michael Kernan, State Bar No. 181747
mkernan@kernanlaw.net
R. Paul Katrinak, State Bar No.164057
pkatrinak@kernanlaw.net
THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
Telephone: (310) 490-9777
Facsimile: (310) 861-0503

Attorneys for Defendants
Virgin America, Inc., Virgin Produced, LLC
Virgin Produced 2.0, LLC

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NOEMI DEL RIO, an individual, | Case No. 2:18-CV-01063-GW-SK |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))** |
| vs. | |
| VIRGIN AMERICA, INC., a Delaware Corporation; VIRGIN PRODUCED, LLC, a Delaware Limited Liability Company; and VIRGIN PRODUCED 2.0, LLC, a Delaware Limited Liability Company, | Hearing Date:     May 21, 2018<br>Hearing Time:     8:30 a.m.<br>Hon. George H. Wu<br>Courtroom: 9D, 9th Floor |
| Defendants. | |

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

# TABLE OF CONTENTS

I.      INTRODUCTION………………………………….……… 4

II.     PLAINTIFF'S ALLEGATIONS…………………………………5

III.    FED. R. CIV. P. 12(b)(6) STANDARDS…………………………..6

IV.     PLAINTIFF DOES NOT OWN A COPYRIGHTABLE INTEREST
        IN THE RECORDING…………………………………………..7

V.      PLAINTIFF'S ALLEGED CONTRIBUTION IS NOT
        COPYRIGHTABLE……………………………………………..8

VI.     EVEN IF PLAINTIFF'S ALLEGED CONTRIBUTION IS
        COPYRIGHTABLE, HER COPYRIGHT CLAIM STILL
        FAILS………………………………………………………...11

VII.    CONCLUSION…………………………………………………12

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4825-5884-4513v.3 0017572-000432

# TABLE OF AUTHORITIES

**Cases:**

*Casa Duse, LLC v. Merkin*, 791 F.3d 247 (2d Cir. 2015)....................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................6

*Batts v. Adams*, 2011 WL 13217923 (C.D. Cal. Feb. 8, 2011)................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)......................................6

*Butler v. Target Corp.,* 323 F. Supp. 2d 1052 (C.D. Cal. 2004)...........................9

*Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989)...............................4, 7

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010).........................7

*Garcia v. Google*, 786 F.3d 733 (2015)................................................4, 5, 7, 8, 10

*Menaliondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008).........................7

*Meribear Prods. Inc. v. Vail*, 2015 WL 12766576 (C.D. Cal. Aug. 11, 2015)....................8

*Midler v. Ford Motor Co.,* 849 F.2d 460 (9th Cir. 1988)........................................9

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)....................................6

*Newton v. Diamond*, 204 F. Supp. 2d 1244 (C.D. Cal. 2002)................................10

*Rose v. Hewson*, 2018 WL 626350 (S.D.N.Y. Jan. 30, 2018)....................................9

*Silas v. Home Box Office, Inc.,* 201 F. Supp. 3d 1158 (C.D. Cal. 2016).............................9

*Waits v. Frito-Lay, Inc.,* 978 F.2d 1093 (9th Cir. 1992)..........................................9

*Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124 (C.D. Cal. 2007)...............................9

**Statutes**

17 U.S.C. § 101.................................................................................7, 11

17 U.S.C. § 505.....................................................................................12

**Rules**

FRCP 12(b)(6)...................................................................................6, 9

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4825-5884-4513v.3 0017572-000432

## I. INTRODUCTION

By this lawsuit, Plaintiff seeks sole ownership over a sound recording used in defendant Virgin America's airline safety video (the "Safety Video"), despite the fact that her own allegations demonstrate she did not have any role whatsoever in creating the allegedly infringed work – i.e., the recording (the "Recording"). Plaintiff also makes the argument that she is the sole owner of particular elements of a rap that she performed – specifically, the "voice," "rhythm," and "melody" of the rap – even though she did not create the words of the rap or the underlying music, and expressly acknowledges that she created the rap "*with Defendants*." Compl. ¶ 12 (emphasis added). These arguments reflect a fundamental misunderstanding of copyright law and, more importantly, were squarely rejected by the Ninth Circuit in *Garcia v. Google*, 786 F.3d 733 (2015). Plaintiff's attempt to relitigate these issues should be rejected.

First, absent particular exceptions that are not applicable here, the copyright in a work initially belongs to the person "who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). Plaintiff does not allege that she created the Recording, directed that the Recording be made, or that she otherwise had *any involvement whatsoever* in making the Recording. Indeed, Plaintiff alleges the exact opposite – that she was asked to come to a recording studio by others and "step into a booth" to read lines of dialogue and perform the rap. Compl. ¶¶ 11-12. Just as an actress does not own a copyright in the film that captured her performance (as in *Garcia*), Plaintiff does not have any copyright interest in the recording that captured her performance – let alone sole ownership of such a recording.

///

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

Second, Plaintiff seems to claim that she owns particular elements of the rap that she performed in the recording booth, but it is black-letter law that performances are not copyrightable in and of themselves.  Even if they were, the "voice, melody, and rhythm" of the rap in the Safety Video – independent from the words of the rap and the underlying music – are not copyrightable as a matter of law.  And even assuming for the sake of the argument that these elements were copyrightable, the Ninth Circuit has specifically rejected "copyright cherry picking" – or, in other words, enabling contributors of specific elements to a work to claim copyright ownership over those elements separate and apart from the overall work.  *Garcia*, 786 F.3d at 737.  Expanding copyright law in this manner would make "Swiss cheese of copyrights."  *Id.* at 742.  This is exactly what Plaintiff is attempting to do here.

Third, even if the Court determines that Plaintiff's alleged contributions grant her some copyright interest in the Recording, she is clearly not the sole owner of the Recording.  Indeed, Plaintiff expressly admits that Defendants "made various edits to the dialogue and offered advice and direction," and that she created and recorded the rap "*with Defendants*."  Compl. ¶¶ 11, 12 (emphasis added).  Accordingly, *at most*, Plaintiff is a co-owner of the Recording and because co-owners cannot sue other co-owners for copyright infringement, her claims fail.

As more fully set forth in detail below, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in September 2013, she was asked to come to a recording studio where she found "representatives from Defendants there as well as director John Chu."  Compl. ¶ 10.  She alleges that "Defendants asked Ms. Del Rio to step into a booth and read about two pages of dialogue that

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 450-9777

included the Federal Aviation Administration regulations for airline safety."[1] She acknowledges that "[w]hile in the booth, Ms. Del Rio, Mr. [Todrick] Hall, Mr. Chu, and representatives of Defendants made various edits to the dialogue and offered advice and direction."  Compl. ¶ 11.  She then alleges that somebody else "pitched the idea of a rap sung by a young child," and that she then "spent the next few hours creating and recording this rap *with Defendants*."  Compl. ¶ 12 (emphasis added).  Despite acknowledging that she created and recorded the rap with Defendants, Plaintiff then alleges that three specific elements of the rap were hers alone: the "voice," "melody," and "rhythm" of the rap.  Compl. ¶ 13.[2]

Plaintiff alleges that she filed a copyright application "for the sound recording."  Compl. ¶ 20.  Plaintiff now contends that Defendants infringed her purported copyright in the Recording.

## III.    FED. R. CIV. P. 12(b)(6) STANDARDS

To survive a Rule 12(b)(6) challenge, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 678 (quoting Bell *Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  To state a plausible claim for relief, the complaint must allege sufficient facts to

---

[1] Despite reading the FAA regulations for airline safety, Plaintiff disingenuously alleges that nobody informed her that "her vocals would be used commercially or on the actual in-flight safety video."  Compl. ¶ 16.

[2] Defendants are assuming the truth of these allegations for purposes of this motion only.  If Plaintiff's claims survive this motion, Defendants will establish that Plaintiff played almost no role in the creation of the rap and no role whatsoever in the creation of the Recording.  Defendants will also show that Plaintiff was fully aware that the rap was intended for, and used in, the Safety Video.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4825-5884-4513v.3 0017572-000432

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1 | support a cognizable legal theory. *Menaliondo v. Centinela Hosp. Med. Ctr.*,
2 | 521 F.3d 1097, 1104 (9th Cir. 2008).

3 |      While the Court must accept all of the well-pled factual allegations in
4 | the Complaint as true, the Court is not required to accept as true "allegations
5 | that contradict exhibits attached to the Complaint or matters properly subject
6 | to judicial notice, or allegations that are merely conclusory, unwarranted
7 | deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ.*
8 | *Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

9 | **IV.    PLAINTIFF DOES NOT OWN A COPYRIGHTABLE**
10 | **INTEREST IN THE RECORDING**

11 |      It is well established that a performance is not copyrightable in and of
12 | itself. *See, e.g.,* 1 Nimmer on Copyright § 1.08 (2017) ("[T]he performance of
13 | a play, musical composition, or other work cannot in and of itself be regarded
14 | as a writing capable of copyright protection."). Rather, to obtain copyright
15 | protection, a work must be fixed in a tangible medium of expression "*by or*
16 | *under the authority of the author*." 17 U.S.C. § 101 (emphasis added). *See*
17 | *also Reid*, 490 U.S. at 737 (explaining that "the author is the party who
18 | actually creates the work, that is, the person who translates an idea into a fixed,
19 | tangible expression entitled to copyright protection"). Because Plaintiff had
20 | no involvement whatsoever in creating the Recording – which is the allegedly
21 | infringed work (Compl. ¶ 20) – she does not own the Recording and cannot
22 | state a valid claim for copyright infringement of the Recording.

23 |      Importantly, the Ninth Circuit has already squarely addressed the
24 | situation in which a plaintiff alleges copyright infringement for the use of a
25 | performance that was recorded by the defendant. In *Garcia v. Google*, the
26 | plaintiff was an actress who was cast in a film supposedly titled "Desert
27 | Warrior," but which ultimately became the controversial film "Innocence of
28 | Muslims." *Garcia*, 786 F.3d at 737. After the plaintiff became aware that she

was being used in anti-Islam propaganda, she sued for copyright infringement, claiming that she owned a copyright interest in her performance. *Id.* The court rejected the argument, explaining, among other things, that the claim faced a "statutory barrier" because "[s]he never fixed her acting performance in a tangible medium." *Id.* at 743. The court continued, "[f]or better or worse, [the writer-director] and his crew 'fixed' Garcia's performance in the tangible medium, whether in physical film or in digital form. However one might characterize Garcia's performance, she played no role in fixation." *Id.* at 744. *See also Meribear Prods. Inc. v. Vail*, 2015 WL 12766576, at *3 (C.D. Cal. Aug. 11, 2015) (designer had no copyrightable interest in "home staging work that she performed" where a third party, not the designer, fixed the work in photographs) (emphasis omitted).

Here, Plaintiff does not allege that she had any involvement whatsoever in creating the Recording of her alleged performance. On the contrary, Plaintiff alleges that Defendants asked her to come to the recording studio, to step into a booth, and read two pages of dialogue and perform the rap. Compl. ¶¶ 10-12. As in *Garcia*, Plaintiff faces the insurmountable "statutory barrier" that she did not fix her performance in a tangible medium. Accordingly, Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

## V.   PLAINTIFF'S ALLEGED CONTRIBUTION IS NOT COPYRIGHTABLE

Plaintiff alleges that she is the sole owner of particular elements of the alleged rap, namely the "voice," "melody," and "rhythm." Compl. ¶ 13. As explained above, even if Plaintiff solely created these elements, she did not create the *Recording*, and thus her claims fail. To the extent the Court believes that copyrightable contributions confer copyright ownership of the

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1    Recording on Plaintiff, her claims would still fail because her alleged

2    contributions are not copyrightable as a matter of law.

3    **Melody**.  Listening to the Safety Video demonstrates that the rap has no

4    melody.[3]  While the rapping does somewhat fluctuate in tone, it is no more

5    than typical speech and cannot reasonably be considered a "melody."[4]

6    Plaintiff cannot claim a copyrightable interest in an element that simply does

7    not exist in the work at issue.

8    **Voice**.  Plaintiff also cannot claim that performing the rap in a child's voice

9    makes her performance protectable.  Unlike lyrics or music, the mere tone of

10   an actor's voice itself is not a copyrightable element.  *See Butler v. Target*

11   *Corp.*, 323 F. Supp. 2d 1052, 1053 (C.D. Cal. 2004) (citing *Midler v. Ford*

12   *Motor Co.*, 849 F.2d 460, 462 (9th Cir. 1988), and *Waits v. Frito-Lay, Inc.*,

13   978 F.2d 1093, 1100 (9th Cir. 1992), for the proposition that "[t]he Ninth

14   Circuit has found that voice is not a subject matter of copyright").

15   **Rhythm**.  Plaintiff similarly cannot claim copyright protection for the

16   simple, repetitive rhythm of the rap.  *See Rose v. Hewson*, 2018 WL 626350,

17   at *3 (S.D.N.Y. Jan. 30, 2018) ("Generally, individual notes and common

18   rhythms are not protectable."); *Batts v. Adams*, 2011 WL 13217923, at *5

19   (C.D. Cal. Feb. 8, 2011) (the meter, tempo range, and rhythm of songs at issue

20   were some of many "common elements often present in popular music or prior

21   art, and, thus, must be filtered out" before comparing the works).

22

23   [3] The Safety Video is properly before this Court because its contents are alleged in the
     complaint and form the basis of Plaintiff's claim – indeed, Plaintiff specifically includes the
24   link to the Safety Video.  *See Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D.
     Cal. 2007) (considering episodes of television program referred to in complaint); *Silas v.*
25   *Home Box Office, Inc.*, 201 F. Supp. 3d 1158 (C.D. Cal. 2016) (explaining that "[w]hen
     specific documents are referenced in a complaint, but not attached to the complaint, a
26   defendant may introduce those documents" on a Rule 12(b)(6) motion, and considering
     episodes of defendants' television series referred to in complaint).
27
     [4] As one dictionary explains, rap "features rhythmic *speaking* set to a strong beat."
28   Cambridge Advanced Learner's Dictionary & Thesaurus (Cambridge University Press),
     available at https://dictionary.cambridge.org/us/dictionary/english/rap (emphasis added).

1    Importantly, copyright protection extends only to those components of a

2    song that are original and nontrivial.  *Newton v. Diamond*, 204 F. Supp. 2d

3    1244, 1253 (C.D. Cal. 2002) *aff'd* 349 F. 3d 591 (9th Cir. 2003).  In *Newton*,

4    the court said, "[t]he protectability of elements of a copyrighted work is a

5    question of law for the court.  Although the musical composition is protected

6    as a complete work, not every element of a song is per se protected." *Id.*  The

7    specific elements that Plaintiff claims that she owns are simply not protectable

8    as a matter of law.

9    Notably, in rejecting a similar theory to Plaintiff's, the Ninth Circuit

10   explained in *Garcia v. Google* why copyright law does not recognize

11   ownership in cherry-picked elements of a work.  The court warned that even if

12   some aspect of a plaintiff's contribution would be copyrightable standing

13   alone, allowing individuals to claim ownership over particular elements of a

14   larger work would result in a "legal morass" that would "fragment copyright

15   protection" for unitary works "into many little pieces," thus making "Swiss

16   cheese of copyrights." *Garcia,* 786 F.3d at 742.  The court further explained

17   that treating every contribution "as an independent work would not only be a

18   logistical and financial nightmare, it would turn cast of thousands into a new

19   mantra: copyright of thousands." *Id.* at 743.

20   Just as the Plaintiff in *Garcia* did not have a copyright interest in her

21   acting performance, Plaintiff does not have a copyright interest in the "voice,

22   melody, and rhythm for the rap."  Complaint ¶ 13.  If copyright law were

23   expanded to recognize sole ownership over particular contributions like those

24   that Plaintiff claims, every part of every work could be subject to numerous

25   separate copyright interests – potentially creating dozens or possibly even

26   hundreds of copyright interests in many works that benefit from creative input

27   from lots of individuals.  The Ninth Circuit has already rejected expanding

28   copyright law in this manner.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4825-5884-4513v.3 0017572-000432

## VI.   EVEN IF PLAINTIFF'S ALLEGED CONTRIBUTION IS COPYRIGHTABLE, HER COPYRIGHT CLAIM STILL FAILS

Even if this Court finds that Plaintiff has some copyright ownership of the Recording, there is no colorable argument that Plaintiff is the *sole owner* of any aspect of the Recording.

First, according to Plaintiff's own allegations, her contributions were made alongside "Mr. Hall, Mr. Chu, and representatives of Defendants," who "made various edits to the dialogue and offered advice and direction." Complaint ¶ 11.  She then alleges that "*someone in the room* pitched the idea of a rap sung by a young child," after which "Ms. Del Rio spent the next few hours *creating and recording this rap with Defendants*."  Complaint ¶ 12 (emphases added).  Plaintiff cannot be the sole owner of any copyrightable interest because her contributions were created, *by her own admission*, with Defendants.

Second, even accepting Plaintiff's allegations that she alone contributed distinctive, original, and creative elements to the Recording (Compl. ¶ 15) and that "her voice is a central part" of the Safety Video (Compl. ¶ 18), *and* assuming those contributions were independently copyrightable – which they are not – *and* conferred upon her some copyright interest in the Recording – which they do not – *at most* she would be a joint author in the Recording.  The Copyright Act defines a joint work as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."  17 U.S.C. § 101.  Plaintiff only alleges that she created the voice, melody, and rhythm of the rap – not the words, and not the underlying music.  Plaintiff cannot possibly argue that she intended for those specific elements to constitute a standalone work that was

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4825-5884-4513v.3 0017572-000432

not part of the overall rap – indeed, given that she did not create the words of the rap, those elements literally cannot stand on their own.

Because at absolute best, Plaintiff is a co-author of the work, she cannot sue other co-authors for infringement and her claims fail. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 255 (2d Cir. 2015) ("[O]ne joint owner cannot be liable for copyright infringement to another joint owner.").

## VII.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, and award Defendants their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, in an amount to be determined by subsequent motion.

DATED:  April 13, 2018                     THE KERNAN LAW FIRM

By:   ___*/s/ S. Michael Kernan*_____
        S. Michael Kernan
        Attorneys for Defendants Virgin
        America, Inc., Virgin Produced,
        LLC and Virgin Produced 2.0,
        LLC

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4825-5884-4513v.3 0017572-000432