1  S. Michael Kernan, State Bar No. 181747
   mkernan@kernanlaw.net
2  R. Paul Katrinak, State Bar No.164057
   pkatrinak@kernanlaw.net
3  THE KERNAN LAW FIRM
   9663 Santa Monica Blvd., Suite 450
4  Beverly Hills, California 90210
   Telephone: (310) 490-9777
5  Facsimile: (310) 861-0503

6  Attorneys for Defendants
   Virgin Produced, LLC
7  Virgin Produced 2.0, LLC, and
   Studio 35k, LLC

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOEMI DEL RIO, an individual, | Case No. 2:18-CV-01063-GW-SK |
| Plaintiff, | Judge: Hon. George H. Wu |
| vs. | **DEFENDANTS VIRGIN PRODUCED, VIRGIN PRODUCED 2.0, AND STUDIO 35K, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR GOOD FAITH SETTLEMENT** |
| VIRGIN AMERICA, INC., a Delaware Corporation; VIRGIN PRODUCED, LLC, a Delaware Limited Liability Company; VIRGIN PRODUCED 2.0, LLC, a Delaware Limited Liability Company; and, STUDIO 35K, LLC, a California Limited Liability Company | |
| Defendants. | Hearing Date: August 12, 2019<br>Hearing Time: 8:30 a.m.<br>Court Room: 9D, 9th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

I.  PARTIES TO THIS ACTION ...................................................................................1

II.  TERMS OF SETTLEMENT .....................................................................................1

III. PLEADINGS AFFECTED BY THE SETTLEMENT .................................................1

IV.  FACTUAL BACKGROUND ....................................................................................1

V.  THIS COURT HAS AUTHORITY TO DETERMINE THE GOOD FAITH OF THIS SETTLEMENT ...................................................................................................3

VI. STANDARDS FOR A FINDING OF GOOD FAITH ...........................................4

VII. THE SETTLEMENT WAS ENTERED IN GOOD FAITH UNDER *TECH-BILT* AND IS CONSISTENT WITH THE OBJECTIVES OF CODE OF CIVIL PROCEDURE SECTION 877.6 ................................................................................5

   A.  *The Value of the Virgin Produced Defendants' Settlement is Substantial* ........6

   B.  *Defendants' Settlement is Proportional to Liability* ...........................................7

   C.  *Virgin Produced 2.0's Assets and Studio 35k's Insurance Policy Limits do not Adversely Affect a Finding of Good Faith* ..................................................................8

   D.  *Defendants are not Paying less in Settlement than if they were Found Liable at Trial* .........................................................................................................................9

   E.  *Allocation of Settlement Among Plaintiffs Does Not Apply* ...............................9

   F.  *The Settlement Agreement was Negotiated at Arm's Length, Fairly and in Good Faith* ........................................................................................................................9

VIII.  CONCLUSION ......................................................................................10

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

# TABLE OF AUTHORITIES

Cases

*Abbott Ford v. Superior Court*,
　43 Cal.3d 858 (1987) .................................................................................................. 7
*Cahill v. San Diego Gas & Elec. Co.*,
　194 Cal.App.4th 939 (2011) ........................................................................................ 7
*City of Grand Terrace v. Superior Court of San Bernardino*,
　192 Cal.App.3d 1251 (1987) .................................................................................. 5, 7
*Erreca's v. Sup.Ct. (Calle Ryan Homeowner's Ass'n)*,
　19 Cal.App.4th 1475 (1993) ........................................................................................ 6
*Federal Savings & Loan Insurance Corp. v. Butler*,
　904 F. 2d 505 (9th Cir. 1990) ...................................................................................... 3
*Franklin Mint Co. v. Sup.Ct. (Manatt, Phelps & Phillips)*,
　130 Cal.App.4th 1550 (2005) ...................................................................................... 6
*Frary v. County of Marin*,
　2015 U.S. Dist. LEXIS 35254 at *11 (N.D. Cal. 2015) .............................................. 5
*Greshko v. Los Angeles County*,
　194 Cal.App.3d 822 (1987) ......................................................................................... 9
*Mattco Forge, Inc. v. Arthur Young & Co.*,
　38 Cal.App.4th 1337 (1995) ........................................................................................ 8
*Singer Co. v. Superior Court*,
　179 Cal.App.3d 875 (1986) ......................................................................................... 3
*Slaven v. BP Am., Inc.*,
　958 F. Supp. 1472 (C.D. Cal. 1997) ........................................................................... 3
*Slottow v. American Cas. Co. of Reading, Pennsylvania*,
　10 F. 3d 1355 (9th Cir. 1993) ..................................................................................... 3
*Spectra-Physics, Inc. v. Chase Manhattan Bank, N.A.*,
　654 F. Supp. 311 (N.D. Cal. 1987) ............................................................................. 3
*Spectra-Physics, Inc. v. Superior Court*,
　198 Cal.App.3d 1487 (1988) ....................................................................................... 5
*Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*,
　38 Cal.3d (1985) .............................................................................................. 4, 5, 6, 9
*TSI Seismic Tenant Space, Inc. v. Sup.Ct. (Geocon*,
　149 Cal.App.4th 159 (2007) ........................................................................................ 7
*Yount v. Acuff Rose-Opryland*,
　103 F. 3d 830 (9th Cir. 1996) ..................................................................................... 3

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

Statutes

California Code of Civil Procedure section 877 ........................................................................... 4
California Code of Civil Procedure section 877.6 ................................................. 3, 4, 5
Section 877.6(a)(2) ........................................................................................................ 4
Section 877.6(b) ............................................................................................................ 4

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PARTIES TO THIS ACTION

(a) Plaintiff, Noemi Del Rio ("Plaintiff");

(b) Defendants, Virgin America, Inc., Alaska Air Group, Inc., and Alaska Airlines, Inc. (collectively, "Alaska Defendants");

(c) Defendants, Virgin Produced, LLC, Virgin Produced 2.0, LLC, and Studio 35k, LLC (collectively "Virgin Produced Defendants");

## II. TERMS OF SETTLEMENT

The key terms of the Settlement Agreement include:

(a) The Virgin Produced Defendants have agreed to pay Plaintiff the total sum of $199,000.00.

(b) Plaintiff has agreed to dismiss all claims against the Virgin Produced Defendants with Prejudice.

(c) Plaintiff and the Virgin Produced Defendants have executed a mutual release and have each agreed to bear their own costs and attorneys' fees.

(d) The settlement is contingent upon the Court finding that the settlement between Plaintiff and Virgin Produced Defendants is in good faith.

## III. PLEADINGS AFFECTED BY THE SETTLEMENT

This settlement affects Plaintiff's Second Amended Complaint.

## IV. FACTUAL BACKGROUND

This action arises out of Plaintiff's copyright and breach of implied contract claims for an in-flight safety video for Virgin America. On or about August 2013, Virgin America employed Virgin Produced, LLC to create an in-flight safety video that was an informative music video (the "Safety Video"). Studio 35k, a production company for film and television in the entertainment industry, was hired to produce the Safety Video, overseeing the video's daily

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

production.[1] (Declaration of S. Michael Kernan ("Kernan Decl.") ¶ 5).

In the fall of 2013, the Safety Video went viral, debuting in New York's Times Square, followed by an in-studio performance on the Ellen DeGeneres show. (Second Amended Complaint ("SAC") ¶ 17). Additionally, the Safety Video was used for its intended purpose as an in-flight safety video on Virgin America flights, until Virgin America was acquired by Alaska Airlines, Inc. On February 8, 2018, Plaintiff filed this suit, claiming that she did not authorize the Alaska or Virgin Produced Defendants to use or publish her voice recording, and that she was not adequately compensated for her work. (SAC ¶¶ 18, 19). Based on the claims for copyright and infringement and breach of implied contract, Plaintiff claimed that she was entitled to a minimum of $2.3 million in damages, as well as costs and attorneys fees. (Kernan Decl. ¶ 8, Exh. B).

Virgin Produced, LLC no longer exists, but Plaintiff contends that Virgin Produced 2.0, LLC is its successor in interest. Defendants Virgin Produced and Virgin Produced 2.0 collectively tendered defense of this action to Defendant Studio 35k, who in turn filed a claim with its insurance carrier, The American Insurance Company. (Kernan Decl. ¶ 7). Studio 35k's liability limits are $1,000,000 each occurrence and $2,000,000 general aggregate. (Kernan Decl. ¶ 6). After the American Insurance Company wrongfully denied coverage, Studio 35k continued its defense of the Virgin Produced and Virgin Produced, 2.0 (Kernan Decl. ¶ 7 Exh. "A").

More than a year after the initial filing of this lawsuit, all parties reached a settlement of all claims. Alaska Air Group was jointly dismissed in September of 2018. After extensive discovery, the remaining Alaska Defendants, Virgin America and Alaska Airlines, settled with Plaintiff and were dismissed on February 20, 2019.[2] (Kernan Decl. ¶ 9 Exh. "C"). Virgin Produced, LLC, Virgin

---

[1] The parties have stipulated to add Studio 35k as a Defendant to this action.
[2] See Application to File Under Seal filed herewith.

Produced 2.0, LLC, and Studio 35k, the Virgin Produced Defendants, are the remaining three defendants. After mediation and extensive negotiations, the remaining Virgin Produced Defendants and Plaintiff have resolved their claims for a payment of $199,000. (Kernan Decl. ¶ 10 Exh. "D"). Additionally, Virgin Produced 2.0, LLC has agreed to issue a statement regarding Plaintiff via Twitter, Instagram, and Facebook. (Kernan Decl. ¶ 10 Exh. "D"). Thus, this case has been brought to a close after more than a year of litigation.

## V. THIS COURT HAS AUTHORITY TO DETERMINE THE GOOD FAITH OF THIS SETTLEMENT

A federal court exercising jurisdiction over non-federal claims must generally apply state substantive law. *Yount v. Acuff Rose-Opryland*, 103 F. 3d 830, 836 n.6 (9th Cir. 1996). The substantive provisions of California law are applicable when determining whether a party has entered into a settlement governed by California law in good faith. *See*, *Slottow v. American Cas. Co. of Reading, Pennsylvania*, 10 F. 3d 1355, 1359 (9th Cir. 1993); *Spectra-Physics, Inc. v. Chase Manhattan Bank, N.A.*, 654 F. Supp. 311, 313 (N.D. Cal. 1987). California Code of Civil Procedure section 877.6 is substantive law, and therefore governs the contribution protection under the settlement of this action. *See, e.g., Slaven v. BP Am., Inc.*, 958 F. Supp. 1472, 1478 (C.D. Cal. 1997).

The Ninth Circuit has held that Section 877 affects underlying state rights because it sets off liability and bars contribution actions. *Federal Savings & Loan Insurance Corp. v. Butler*, 904 F. 2d 505, 511 (9th Cir. 1990). A good-faith determination is "necessary to allow the settling tortfeasor to extricate himself from the continuing burden of litigation." *Singer Co. v. Superior Court*, 179 Cal.App.3d 875, 888 (1986).

/ / /

/ / /

/ / /

# VI. STANDARDS FOR A FINDING OF GOOD FAITH

California Code of Civil Procedure section 877 provides in pertinent part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment of one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect . . . . (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

Section 877.6(a)(2) provides that "a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order" setting forth the "basis, terms, and amount of the settlement." § 877.6(a)(2). The legislative intent underlying section 877.6 balances the benefits of encouraging settlements and the equitable sharing of costs among potentially responsible parties. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 494 (1985).

Section 877.6(b) states:

> The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.

The California Supreme Court outlined the criteria for determination of a good faith settlement. The primary concern relates to "whether the amount of the settlement is within the reasonable range of the settling [co-obligor's] proportional share of the comparative liability for the plaintiffs' injuries." *Id*. The *Tech-Bilt* Court also provided a list of factors that aid in making such determination. Factors that may be considered by the court include:

> (1) approximating plaintiff's total recovery and comparing that sum to the settlor's proportionate liability; (2) analyzing the basis for the agreed-upon settlement sum; (3) recognizing a settling defendant may fairly pay less than he would if found liable at trial; (4) scrutinizing how settlement proceeds are allocated among multiple plaintiffs; (5) factoring in the settlor's financial condition and insurance policy limits; and (6) ascertaining if there is any evidence of collusion, fraud or tortious conduct intended to injure the non-settlors.

*Id.* at 499-500.

In order to be in "good faith," the settlement must merely be within the "reasonable range" (within the "ballpark") of the settling tortfeasor's or co-obligor's share of liability for the plaintiff's injuries - taking into consideration the facts and circumstances of the particular case. *Tech-Bilt*, 38 Cal. 3d at 499 (1985). The settling defendant's proportionate liability is a critical factor: "[t]he ultimate determinant of good faith is whether the settlement is grossly disproportionate to what a reasonable person at the time of settlement would estimate the settlor's liability to be." *City of Grand Terrace v. Superior Court of San Bernardino Cnty.*, 192 Cal.App.3d 1251, 1261 (1987).

A party opposing the motion for good faith settlement bears the burden of establishing a lack of good faith. *Frary v. County of Marin*, 2015 U.S. Dist. LEXIS 35254 at *11 (N.D. Cal. 2015). To successfully oppose a motion for good faith settlement, the opposing party "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id*. The determination as to whether a settlement is made in good faith is a matter within the court's discretion. *Id*. The opposing party must make a prima facie case that the settlement is not in good faith. *Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1497 (1988).

## VII. THE SETTLEMENT WAS ENTERED IN GOOD FAITH UNDER *TECH-BILT* AND IS CONSISTENT WITH THE OBJECTIVES OF CODE OF CIVIL PROCEDURE SECTION 877.6

"Good faith" depends upon what the plaintiffs knew about liability at the time of settlement, not evidence that might be acquired later. *Tech-Bilt, Inc.*, 38 Cal. 3d at 499. There is no precise yardstick for measuring "good faith" of a settlement with one of several co-obligors; however, as previously discussed, there are several factors the courts will use in determining whether a settlement was made in good faith. *Id.*

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

### A. *The Value of the Virgin Produced Defendants' Settlement is Substantial*

The amount of the settlement "must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id.* The court must determine the value of the consideration paid in settlement. This includes both cash and noncash consideration. *Erreca's v. Sup.Ct. (Calle Ryan Homeowner's Ass'n)*, 19 Cal.App.4th 1475, 1496 (1993). Even where the consideration is cash, "*all intangible elements—those that increase or decrease the value of the benefit conferred—must be considered.*" *Franklin Mint Co. v. Sup.Ct. (Manatt, Phelps & Phillips)*, 130 Cal.App.4th 1550, 1559-1560 (2005) (emphasis in original). In *Franklin,* the plaintiffs received $25 million, $24 million of which went to charity, and the remaining $1 million to the plaintiffs. The court held that:

> [Defendant] parts with $25 million in exchange for a release and dismissal by plaintiffs, the cost of the $25 million is discounted by intangible benefits the [defendant] receives: it participated in the selection of the charities that will receive $24 million in donations, thus ensuring that the charities fall within the purposes of the Fund; and it receives partial credit for the contributions, because they will be made in its name jointly with plaintiffs... Similarly, the true economic benefit to plaintiffs must be discounted. Although plaintiffs may be deemed to have received the full benefit of the $1 million paid to the foundation they control, plaintiffs do not receive the full benefit of the remaining $24 million. They did not unilaterally elect the recipient charities, and (most importantly) will receive only partial credit for the charitable donations. They may, however, receive some advertising value by publicizing the donations… Thus, determining the value of the consideration paid clearly requires more than a mere presentation of the terms of the settlement.

*Id.* at 1559.

Here, Plaintiff is not only receiving a monetary value of $199,000 from the Virgin Produced Defendants, she is also receiving a statement, which will be viewed by Virgin Produced 2.0, LLC's approximately 87,000 Twitter followers, 8,000 Instagram followers, and 11,000 Facebook followers. Because Plaintiff is an aspiring actress and singer, Plaintiff is obtaining a significant intangible benefit from Virgin Produced 2.0, LLC's statement. In addition to the Virgin

6
**MEMORANDUM OF POINTS AND AUTHORITIES**

Produced Defendants' monetary settlement, Plaintiff has already received consideration from Virgin America and Alaska Airlines. Therefore, this settlement, in both its tangible and intangible elements, is of fair value and in good faith.

### B. *Defendants' Settlement is Proportional to Liability*

As previously stated, the settling defendant's proportionate liability is a critical factor. *City of Grand Terrace*, 192 Cal.App.3d at 1262; *see also, Cahill v. San Diego Gas & Elec. Co.*, 194 Cal.App.4th 939, 968 (2011) (Holding that settlement of 1/2 of 1% of potential damages was within ballpark based on facts known at time of settlement). The court must consider not only the settlor's potential liability to plaintiff, but also its proportionate share of culpability as among all parties alleged to be liable for the same injury. *TSI Seismic Tenant Space, Inc. v. Sup.Ct. (Geocon)*, 149 Cal.App.4th 159, 166 (2007). "[A] 'good faith' settlement does not call for perfect or even nearly perfect apportionment of liability. In order to encourage settlement, it is quite proper for a settling defendant to pay less than his proportionate share of the anticipated damages. What is required is simply that the settlement not be grossly disproportionate to the settlor's fair share." *Abbott Ford v. Superior Court,* 43 Cal.3d 858, 874-875 (1987).

Plaintiff's Second Amended Complaint contained the following claims against all of the Virgin Produced Defendants: 1) Copyright Infringement; 2) Equitable Accounting; and, 3) Breach of Implied Contract. However, Virgin America was alleged to be more at fault than the Virgin Produced Defendants for Plaintiff's first claim. Plaintiff claimed that initial infringement occurred in 2013, but that continued infringement occurred when the Virgin America reproduced and distributed the Safety Video online and on Virgin America flights for the next five years. The Virgin Produced Defendants did not play a part in the continued reproduction and distribution of the Safety Video. Additionally, Virgin

**MEMORANDUM OF POINTS AND AUTHORITIES**

America is the owner of the copyright for the safety video, and therefore any of the royalties that Plaintiff claims she is owed would be payable from Virgin America, and not from the Virgin Produced Defendants.

As the producers of the Safety Video, Plaintiff alleged that the Virgin Produced Defendants were more culpable for the breach of implied contract and equitable accounting. The Virgin Produced Defendants and their agents were responsible for the production and creation of the flight safety video, and therefore responsible for paying the crew and cast of the video. Because Plaintiff claims that the Virgin Produced Defendants breached their implied contract with her for Plaintiff's artistic contributions to the safety video, and failed to pay her, the Virgin Produced Defendants share more liability than their co-defendants Virgin America and Alaska. As such, the Virgin Produced Defendants' amount of $199,000 is proportional to its alleged liability, and proportional in comparison to Virgin America's payment.

### C. *Virgin Produced 2.0's Assets and Studio 35k's Insurance Policy Limits do not Adversely Affect a Finding of Good Faith*

The courts also look at the financial condition and insurance policy limits of the settling defendants. *Mattco Forge, Inc. v. Arthur Young & Co.* 38 Cal.App.4th 1337, 1349 (1995). Defendants have limited assets, and an insurance company who has abandoned them. Studio 35k has tendered defense on behalf of Virgin Produced, and itself. Studio 35k fully intends to seek reimbursement from its insurance carrier for wrongful denial. While Studio 35k has a policy limit of $1,000,000, the carrier has denied a defense and coverage. Therefore, in accordance with *Mattco Forge, Inc.*, a "small" policy settlement of $199,000 from Defendants is settlement in good faith.

/ / /

/ / /

/ / /

8
**MEMORANDUM OF POINTS AND AUTHORITIES**

### D. *Defendants are not Paying less in Settlement than if they were Found Liable at Trial*

A settlement does not lack good faith solely because the settling tortfeasor pays "less than his or her theoretical proportionate or fair share." *Tech–Bilt,* 38 Cal.3d at 499. Discounting a settling tortfeasor's proportional share is appropriate because a plaintiff's "damages are often speculative, and the probability of legal liability therefor is often uncertain or remote...." *Id.* "[P]ractical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement." *Id.*

Here, there is not evidence substantiating a claim that Defendants have paid less in settlement than if they were to be found liable at trial. However, because Defendants have paid Plaintiff an amount proportional to their liability, this factor carries little weight in making a determination of good faith settlement.

### E. *Allocation of Settlement Among Plaintiffs Does Not Apply*

Because there is only one plaintiff in this case, equitable allocation among plaintiffs is inapplicable.

### F. *The Settlement Agreement was Negotiated at Arm's Length, Fairly and in Good Faith*

Courts also must examine whether there is "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Tech-Bilt, Inc.*, 38 Cal. 3d at p. 499. For example, good faith will not be found where the purpose of the tactical dismissal of a settling defendant is to avoid complicating case, and to "set-up" a bad faith case against non-settling defendant's insurer, and is ultimately meant to achieve a purpose other than determination of relative liabilities *Greshko v. Los Angeles County*, 194 Cal.App.3d 822, 835 (1987).

As discussed, the settlement was reached through arms-length negotiations by counsel, without collusion or fraud. The Virgin Produced Defendants are three

of the six named defendants in Plaintiff's lawsuit, and the last defendants to settle in this action. Moreover, the previous three defendants have already settled with Plaintiff after a year of litigation. The Virgin Produced Defendants' total exposure, even if liability were established, is fairly minimal in proportion to the total claims against all Defendants, and the acts attributable to the Virgin Produced Defendants were clearly taken into account by Plaintiff and her counsel when agreeing to the terms of the agreement. There is only one plaintiff, thus she will receive all the settlement funds.

## VIII. CONCLUSION

Based on the foregoing, the Virgin Produced Defendants respectfully request that the Court grant this Motion determining that the settlement is made in good faith, and that all claims for indemnity or contribution are barred against these settling Virgin Produced Defendants.

DATED: July 15, 2019        THE KERNAN LAW FIRM

By: ___/s/ S. Michael Kernan____
S. Michael Kernan
Attorneys for Defendants, Virgin Produced, LLC, Virgin Produced 2.0, LLC, and Studio 35k, LLC

# CERTIFICATE OF SERVICE

I, Nicole Soma, declare:

 I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 9663 Santa Monica Blvd., Suite 450, Los Angeles, CA 90064. On July 15, 2019, I served a copy of Memorandum of Points and Authorities in Support of Defendants' Motion for Good Faith Settlement by electronic transmission.

 I am familiar with the USDC Central District's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

 Executed on July 15, 2019 at Los Angeles, CA

           */s/ Nicole Soma*_____
           Nicole Soma